PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* RAFAEL PIRIS, Defendant and Appellant.

No. 3090. Argued March 18, 1927.—Decided March 25, 1927.

Felipe Colón, R. V. Pérez Marchand, M. Bahamonde, L. Tormes, R. Martínez Nadal for the appellant. José E. Figueras for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant was convicted of carrying a weapon and says: First, that the court below erred in overruling a motion to dismiss the information; second, that the court erred in overruling a demurrer; third, that the judgment is contrary to the evidence; and fourth, that the judgment is contrary to law.

The motion to dismiss challenged the constitutionality of the statute upon the ground of vagueness and uncertainty, and the question first raised by appellant was decided adversely to the theory of the present appeal in *People* v. *Vadi*, 34 P.R.R. 441.

The demurrer was interposed after the case had been called for trial upon the ground that the information did not state an offense. The information charged the carrying of a firearm alleged to be "an instrument capable of causing bodily injury." The contention was that in the absence of a more definite indication as to the character of the weapon in question the defendant was not sufficiently informed as to whether or not the firearm referred to was one of the prohibited class and therefore within the contemplation of the statute as construed by this court. The *fiscal* suggested that this was a matter of proof and stated that the evidence would show whether or not the firearm carried by defendant was a *"pistol or revolver."* That the weapon carried by defendant, if he carried a weapon, was a pistol or revolver is an undisputed fact. The defense was an *alibi*.

Defendant was represented by counsel at the time of his

arraignment and by three attorneys at the trial. Upon arraignment, and after the motion to dismiss had been overruled, defendant pleaded not guilty. Three weeks elapsed between the date of arraignment and that of the trial. The omission complained of was not a fatal defect and, all things considered, the court below was justified in overruling the demurrer upon the ground that it came too late. *People* v. *Velasco, ante,* page 244; *People* v. *Paris,* 25 P.R.R. 103.

A careful examination of all the evidence discloses no sufficient ground for reversal and the judgment appealed from must be affirmed.